[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff wife, 45, and the defendant husband, 44, married on August 28, 1994 at Detroit, Michigan. The plaintiff resided continuously in Connecticut for over one year prior to commencing this action for dissolution of marriage and other relief by service made on the defendant on May 5, 2000 thereby giving this court jurisdiction. They have one child, Joshua Leader Dampf, born April 1, 1999. The remaining allegations of the complaint are also found proven and true.
The plaintiff has had a career in sales and marketing, her last employment being with Cablevision. She was laid off on June 30, 2000 as a result of CBS being bought by Viacom that had its own sales force. She was given severance of full salary for nine months. She began drawing unemployment compensation in August 2000. Although she has dingently sought new employment, no new job has been found.
The defendant has a career in television production as a floor director or stage manager. He currently is in the second year of a three-year contract with the Bryant Gumbel program earning $150,000 annually. He is able to obtain freelance work from time to time. He lists monthly net income as $7,129.33.
During the years 1994 through 1999 the plaintiff's earned income averaged $131,679 while the defendant's averaged $114,574 (Plaintiff's Exhibit #1). In addition to her unemployment compensation the plaintiff also receives gross monthly income from two family limited partnerships totaling $1,383.40 monthly and interest of $500. The plaintiff's assets consist of a condominium unit she purchased utilizing her own money, a mortgage and a loan from her father. The defendant makes no claim of having an interest in it. They have an AG Edwards brokerage account containing $350,000 being the proceeds of sale of their home. The plaintiff has her AG Edwards account of $91,000 consisting of the proceeds of the exercise of options. She has a 401(K) account valued at $100,000, a pension plan valued at $7,000 and the two limited partnership interests valued at $207,500 but unmarketable. Their autos have been divided by agreement. The defendant's chief asset is his Directors Guild's of America pension, the basic plan valued at $83,349 and the supplemental plan valued at $78,758 as of 2000.
The parties entered into a Partial Separation Agreement dated January 18, 2001 which the court accepted, finds to be fair and equitable and will adopt as part of the judgment about to be entered. It provides for CT Page 6152 custody, child support, insurance, division of autos, tangible personal property, assumption of liabilities and counsel fees,
Having reviewed the evidence in light of the relevant statutes and case law the court enters the following decree.
 1. Judgment is entered dissolving the marriage on the ground of an irretrievable breakdown. Each party is declared to be unmarried.
 2. The Partial Separation Agreement is so ordered and incorporated in this judgment by reference, a copy being annexed hereto.
 3. The defendant is ordered to pay to the plaintiff the sum of $300 weekly as periodic alimony for the term of three years unless sooner terminated by the death of either party, the remarriage of the plaintiff or court order based on cohabitation. The term is non-modifiable and shall not be extended under any circumstances. The amount ordered is modifiable. The plaintiff shall immediately notify the defendant in the event she becomes employed.
 4. The parties shall equally divide their AG Edwards account and any other jointly held asset.
 5. The parties shall retain the assets currently in their respective sole names.
 6. A contingent wage withholding is ordered for the periodic orders, the parties having filed an advisement of rights with waiver. Also, filed is a child support worksheet.
 ________________ HARRIGAN, JUDGE TRIAL REFEREE